UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTIN WELDON,

    Plaintiff,

v.                                        Case No:   6:14-cv-79-Orl-37TBS

BACKWOODS STEAKHOUSE, INC.,
GASKINS FAMILY DINER, INC. and
JOHN W. GASKINS, JR.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve the Proposed Settlement and Enter Dismissal with Prejudice.  (Doc. 34).   The parties request Court approval of their proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claims against Defendants.   I have examined the parties' motion and settlement agreement ("Settlement Agreement") (Doc. 34-2), and their non-disparagement and general release agreement ("General Release") (Doc. 34-3), and for the reasons that follow, respectfully recommend that the motion be **granted**.

### Background

Plaintiff Kristin Weldon filed this action on behalf of herself and other similarly situated individuals, against her former employers Defendants Backwoods Steakhouse, Inc., Gaskins Family Diner, Inc., and John Gaskins, Jr., for unpaid overtime compensation, unpaid minimum wages, and unpaid wages.  (Doc. 1).   Plaintiff alleges she worked as an hourly paid server in excess of 40 hours a week from October 2012 through May 2013 and that Defendants failed to pay her "at least the applicable minimum wage for all weeks or hours worked."  (Id. ¶¶ 31-42).   She complains that "Defendants purported to take the tip-credit with respect to Plaintiff and all similarly situated employees, despite the fact that Defendants were not entitled to take such tip-credit, due

to the fact that Defendants impermissibly retained a portion of all Servers' tips for all hours worked." (Id. ¶ 43). "Further, Defendants failed to pay Plaintiff anything whatsoever for her first three (3) weeks of employment with Defendants." (Id. ¶ 44). Defendants admit they employed Plaintiff and deny her other allegations. (Doc. 19). The following opt-in Plaintiffs have filed consents to joint in the case: Cassandra Lewis (Doc. 8), John Adkins (Doc. 18), and Joseph Hayes (Doc. 24). On April 11, 2014, the parties advised the Court that they had reached an agreement to resolve their dispute (Doc. 28) and now they are asking the Court to approve their settlement (Doc. 34).

## Discussion

### A. Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the Settlement Agreement rather than an examination conducted by the Secretary of Labor. My

...

assessment of fairness is guided by prevailing case law in this Circuit, including Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

These parties are all represented by experienced labor counsel who have been litigating this dispute since January 21, 2014. (Doc. 1, 11-13). The parties and their counsel represent that their settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims, and that there is no fraud or collusion in the settlement. (Doc. 34 at 7). Short of a trial, the Court is not in as good a position as the parties to determine the reasonableness of the settlement. The pleadings apprise the Court of the claims and defenses asserted but there are other factors about which the Court has no knowledge which may have influenced the parties to negotiate and compromise this dispute. For example, the Court does not know what has been learned in discovery, or if the parties have legitimate, unrelated financial concerns which have motivated them to settle this litigation. With this in mind, and upon independent review, I find no evidence suggesting the settlement is unreasonable or that there has been any fraud or collusion.

### B. Settlement Sum

Defendants are promising to pay and Plaintiffs have agreed to settle their FLSA claims for a total of $14,600, to be disbursed as follows: $450 to Weldon representing

unpaid wages, $450 to Weldon representing liquidated damages, $575[1] to Lewis representing unpaid wages, $575 to Lewis representing liquidated damages, $575[2] to Adkins representing unpaid wages, $575 to Adkins representing liquidated damages, $700 to Hayes representing unpaid wages, $700 to Hayes representing liquidated damages, and $10,000 for attorneys' fees and costs.  (Doc. 34; Doc. 34-2).  The settlement funds will be paid in installments, with the first $6,600 due within 15 days of the Court's approval of the Settlement Agreement, and the remaining $8,000 to be paid out over 12 months in equal installments commencing 30 days after the initial payment and continuing every 30 days thereafter until completed.  (Doc. 34-2, ¶ 2).  While Plaintiffs have not answered the Court's standard FLSA interrogatories, there is nothing in the record to suggest that the amount of the proposed compromise of Plaintiffs' claims is unreasonable.

### C. General Release[3]

As a general matter, general releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer."  Moreno, 729 F. Supp. 2d at 1351-52.  Consequently, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial

---

[1] In the motion, the parties represent that the amount payable to Plaintiff Lewis is $500 in satisfaction of his unpaid wages claim and $500 in liquidated damages. (Doc. 34 at 3). The Court assumes this is a scrivener's error.

[2] In the motion, the parties represent that the amount payable to Plaintiff Adkins is $500 in satisfaction of his unpaid wages claim and $500 in liquidated damages. (Doc. 34 at 4). The Court assumes this is a scrivener's error.

[3] The parties executed the separate General Release which they say they have included in their motion in the interest of full disclosure.   While they are not seeking the Court's approval of this agreement, it has not escaped the Court's fairness consideration.

- 4 -

scrutiny." Id. at 1352. Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them. Dees v. Hydrady, Inc., No. 8:09-cv-1405-T-23TBM, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260 (M.D. Ala. 2003); Hanson v. Wells Fargo Bank, N.A., No. 08-80182-Civ, 2009 WL 1490582 (S.D. Fla. May 26, 2009); Nichols v. Dollar Tree Stores, Inc., No. 1:13-cv-88 (WLS), 2013 WL 5933991, *3 (M.D. Ga. Nov. 1. 2013); Housen v. Econosweep Maint. Serv., Inc., No. 3:12-cv-461-J34TEM, 2013 WL 2455958, *2 (M.D. Fla. June 6, 2013).

But, a number of cases have approved FLSA settlements in which the employee received additional consideration in exchange for non-cash concessions that went beyond the release of the FLSA claims. DeGraff v. SMA Behavioral Health Serv., Inc., 945 F. Supp.2d 1324, 1329-30 (M.D. Fla. 2013); Caamal v. Shelter Mortgage Co., LLC, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, *4 (M.D. Fla. Sept. 26, 2013); Espinah v. Thrifty Speciality Produce of Ala., LLC, No. 6:13-cv532-Orl-28KRS, 2013 WL 4047011, *3 (M.D. Fla. Aug. 9, 2013); Kingsley v. Noonan, No. 6:12-cv-500, 2012 WL 3151572, at 1-2 (M.D. Fla. Aug. 2, 2012); Capers v. Noah's Ark Repair Serv., Inc., No. 6:11-cv-457-Orl-28TBS, 2013 WL 3153974 (M.D. Fla. June 19, 2013); Pavlosky v. Winghouse XI, LLC, Case No. 6:12-cv-1711, 2014 U.S. Dist. LEXIS 56436, at *4-5 (M.D. Fla. April 22, 2014).

Here, in the separate General Release, Defendants will receive a general release and non-disparagement agreement from Plaintiffs in exchange for $400 to be split equally among the four Plaintiffs. See (Doc. 34-3). The parties agree that the General Release is intended to resolve their acrimonious relationship and avoid the possibility of future disputes and litigation separate and apart from Plaintiffs' FLSA and Florida minimum wage claims. (Doc. 34, fn. 1). Because the General Release is supported by independent consideration that is in addition to the FLSA settlement sum, I respectfully

- 5 -

recommend that the district court find that it does not preclude the Court's approval of the Settlement Agreement.

### D. Attorney's Fees & Costs

In FLSA lawsuits for unpaid minimum wages or unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).   Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs."   Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).   Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered, and that no conflict of interest taints the claimant's recovery.   Silva v. Miller, 307 F. App'x. 349, 351 (11th Cir. 2009).   "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents."   Perez v. Nationwide Prot. Serv., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005).

Counsel for Plaintiffs has filed his time ledger showing a total of 50.3 hours worked at the rate of $325 per hour making a total of $16,347.50.   (Doc. 34-1 at 1-2).   He has also filed a cost ledger showing $1,568.01 in costs, reduced to $1,168.01 after the application of a $400 deposit.   (Id., at 3-7).   Thus, Plaintiffs have a total claim of $17,915.51 for fees and costs.   Counsel for Plaintiffs has agreed to accept $8,974.01 as his fee and $1,168.01 in costs (i.e., a total of $10,000) in full satisfaction of this claim.  (Doc. 34 at 4).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"   Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461

- 6 -

U.S. at 436).   The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."   Norman v. Hous. Auth. Of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   Norman, 836 F.2d at 1299.   Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'" Galdames v. N & D Inv. Corp., 432 F.App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted).   An opponent can only be charged for hours the attorney would have billed to the client.   Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).   The court can reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so.   Galdames, 432 F.App'x at 806 (citations omitted).

The Court finds, based upon its knowledge of the rates charged by plaintiffs' counsel for FLSA cases in this district that $325 per hour pushes the upper boundary of reasonableness.   The Court also has concerns about the reasonableness of some of counsel's time entries.   But, the across-the-board reduction agreed to by counsel for Plaintiff resolves all of these concerns.   While the costs Plaintiffs seek to recover include charges for long distance telephone calls, postage and other items not provided for in 28 U.S.C. § 1920, this is a negotiated settlement and there is no indication that the charges were not actually incurred in connection with this controversy.   Accordingly, I recommend approval of Plaintiffs' costs.

## Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that the Court:

(1) **GRANT** the parties' Motion (Doc. 34);

(2) **APPROVE** the parties' Settlement Agreement;

(3) **TERMINATE** any pending motions;

(4) **DISMISS** this case with prejudice; and

(5) **DIRECT** the clerk to close the file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 15, 2014.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record