**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KRISTEN WELDON,

        Plaintiff,

v.                                                            Case No. 6:14-cv-79-Orl-37TBS

BACKWOODS STEAKHOUSE, INC.;
GASKIN FAMILY DINER, INC.; and
JOHN W. GASKINS, JR.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Joint Motion to Approve the Parties' Proposed Settlement and Enter Dismissal with Prejudice (Doc. 34), filed July 1, 2014; and

2. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 35), filed July 15, 2014.

The parties to this Fair Labor Standards Act ("FLSA") case move for approval of their settlement agreement and for dismissal of this case with prejudice. (*See* Doc. 34, pp. 1, 6–7.) In a Report and Recommendation ("R&R"), Magistrate Judge Smith recommends that the Court find that the settlement agreement (Doc. 34-2) is a "fair and reasonable resolution of a bona fide dispute" and grant the parties' motion. (*See* Doc. 35, pp. 2–8 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).) No party has objected to the R&R. Upon consideration, the Court agrees with Magistrate Judge Smith's R&R and finds that the parties' motion is due to be granted.

The Court notes, however, that the parties to this case entered into a separate agreement in conjunction with the FLSA settlement, whereby Plaintiffs (Weldon and three other opt-in Plaintiffs) executed a general release and non-disparagement agreement in exchange for a sum of $100 each. (*See* Doc. 34-3.)

Ordinarily, a "'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" is not permitted under the FLSA, as it potentially confers an "undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, if a plaintiff is given compensation in addition to that which she is entitled under the FLSA, then general releases can be permissible. *See, e.g.*, *Caamal v. Shelter Mortg. Co.*, 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D Fla. Sept. 26, 2013) (collecting cases).

Here, the parties represent that the $100 that Plaintiffs each received in consideration for their releases was wholly unrelated to the value of their FLSA claims, for which Plaintiffs are being fully compensated. (*See* Doc. 34, p. 5 n.1.) As nothing in the record indicates otherwise, the Court accepts the parties' representation and finds that the releases in this case are permissible on the record in this case. Counsel should be mindful that the Court intends to monitor similar agreements closely to ensure that they are not shams designed to extract impermissible concessions from FLSA plaintiffs.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 35) is **ADOPTED AND CONFIRMED** and made a part of this Order.

2. Joint Motion to Approve the Parties' Proposed Settlement and Enter Dismissal with Prejudice (Doc. 34) is **GRANTED**.

3. The parties' settlement agreement (Doc. 34-2) is **APPROVED**.

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk is **DIRECTED** to terminate all pending motions and to close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 4, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record